SCARNATI, Appellant,

v.

## OHIO UNEMPLOYMENT COMPENSATION BOARD OF REVIEW et al., Appellees.

[Cite as *Scarnati v. Ohio Unemp. Comp. Bd. of Review* (1993), 86 Ohio App.3d 589.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1631.

Decided March 2, 1993.

*Richard A. Scarnati, pro se.*

*Lee Fisher*, Attorney General, and *Charles Zamora*, Assistant Attorney General, for appellee Administrator, Ohio Bureau of Employment Services; and *Diane M. Weaver*, Assistant Attorney General, for appellee Ohio Department of Mental Health.

---

TYACK, Judge.

Richard A. Scarnati, D.O., was for many years a psychiatrist with the Ohio Department of Mental Health. For almost all that time, he was assigned through the Office of Psychiatric Services to Corrections ("OPSC"). He provided psychiatric services at Ohio prisons, especially at Lebanon Correctional Institution ("LCI"). LCI housed a residential treatment unit which provided intensive psychiatric services to some of the most troubled of Ohio's prison inmates. Inmates in the residential treatment unit commonly suffered from a variety of mental and emotional problems.

When Dr. Scarnati began his work for the state of Ohio, he was expected to provide care for approximately sixty inmate-patients. As time went on, the numbers increased dramatically.

By June 1991, he was serving one hundred four inmate-patients, while trying to provide a variety of other services such as psychiatric evaluations prior to parole hearings. Dr. Scarnati's patient duties by that time included not only care for the inmates in the residential treatment unit at LCI, but also care for inmates in the general population at LCI and care for inmates at nearby Warren Correctional Institution ("WCI"). WCI was a maximum security institution, housing prisoners convicted of murder and other violent crimes.

In June 1991, "budget constraints" caused OPSC to terminate the contract with a second psychiatrist who was providing services at LCI and WCI. Dr. Scarnati was asked to take on eighty additional psychiatric patients. Dr. Scarnati already felt that his case load forced him to provide inadequate care to at least some of the patients for whom he was responsible. He had not been able to see thirty-seven of his patients for over one month. Fourteen of the thirty-seven had not been seen for over two months.

Dr. Scarnati felt that he was being forced to violate the ethics of his profession by being asked to care for more patients than he could possibly assist. He attempted to call attention to his plight and the plight of his patients by declaring a one-man "strike." His "strike" drew letters of support from other mental health professionals but no real relief in the form of additional psychiatrists to assist him.

Dr. Scarnati then submitted his resignation, effective July 19, 1991.

After the effective date of his resignation and before his next employment commenced, Dr. Scarnati applied for unemployment compensation. He maintained that he had discontinued his employment with just cause.

The unemployment benefits were refused, first by the Ohio Bureau of Employment Services and then on appeal by the Unemployment Compensation Board of Review ("board"). Dr. Scarnati then pursued an appeal to the Franklin County Court of Common Pleas. A judge of that court affirmed the decision of the board.

Dr. Scarnati (hereinafter "appellant") has appealed once again, assigning two errors for our consideration:

"1. The Court of Common Pleas erred in finding that the Decision of the State of Ohio Unemployment Compensation Board of Review was not against the manifest weight of the evidence before the board and was not unreasonable, arbitrary or capricious.

"2. The Court of Common Pleas erred as a matter of law in affirming the Decision of the State of Ohio Unemployment Compensation Board of Review being reviewed by the Court of Common Pleas."

A common pleas court, when reviewing a decision of the board, is bound by R.C. 4141.28(O), which reads, in pertinent part:

"If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision."

Our review is to determine whether the common pleas court was correct in deciding that the decision of the board was lawful, was reasonable, and was in accord with the manifest weight of the evidence. As a rule, we grant a certain amount of deference to the common pleas court's ruling. Here, however, we cannot agree with the lower court.

The record reflects that the level of psychiatric services provided to inmates in the prisons of Ohio has steadily deteriorated over the last ten to fifteen years. As the number of inmates has increased, the number of psychiatrists available to provide them necessary psychiatric services has not kept pace.

Dr. Scarnati had every right to refuse to continue working under the conditions reflected in the record. He attempted to force improvements with his "strike," but the publicity the "strike" generated did not result in a timely remedying of the situation. The fact that he placed his professional reputation on the line in one last attempt to help the inmates he served is only to be commended. The prison system has suffered a substantial loss in losing a professional who cared

enough about the inmates to attempt drastic action to force the improvement of psychiatric care.

The decision of the board and the common pleas court is neither reasonable nor supported by the weight of the evidence. The first assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed. This cause is remanded to the common pleas court with instructions to enter an order reversing the decision of the board.

Because we have sustained the first assignment of error, we are not required to consider the second assignment of error. See App.R. 12.

*Judgment reversed*
*and cause remanded.*

PETREE and CLOSE, JJ., concur.