OPINION
{¶ 1} Appellant Director, Ohio Department of Job Family Services, et al. ("ODJFS") appeals the decision of the Tuscarawas County Court of Common Pleas that reversed the decision of the Unemployment Compensation Review Commission and concluded Appellee Horning is eligible for unemployment benefits. The following facts give rise to this appeal.
 {¶ 2} From July 1, 1999 to September 26, 2003, appellee worked at R Tape Corporation. Upon his hiring, appellee worked as a machine operator and received an hourly wage of $15.00 per hour. In addition, appellee received overtime pay each time he worked more than forty hours per week. In September 2000, R Tape Corporation promoted appellee and his compensation structure changed to that of a salaried employee. Under this arrangement, appellee did not receive overtime pay if he worked more than forty hours per week.
 {¶ 3} During the summer of 2003, appellee became frustrated by the amount of overtime he was required to work and thereafter, notified R Tape Corporation of his intent to quit his employment. Appellee informed R Tape Corporation's plant manager that he would continue his employment, with the company, if he could receive overtime pay. R Tape Corporation denied appellee's request and appellee terminated his employment on September 26, 2003.
 {¶ 4} Appellee filed a claim for unemployment compensation. ODJFS denied appellee's claim, on October 16, 2003, on the basis that appellee quit his employment, without just cause. On appeal of the initial determination, ODJFS affirmed its decision and denied benefits. Appellee filed an appeal of the re-determination decision. Following a hearing, the Review Commission affirmed ODJFS's re-determination decision. The Review Commission denied further review.
 {¶ 5} Thereafter, appellee appealed to the Tuscarawas County Court of Common Pleas. On October 13, 2004, the trial court reversed the decision of the Review Commission and determined appellee quit his job for just cause and therefore, was eligible for unemployment benefits. ODJFS timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 6} "I. The common pleas court erred in reversing the decision of the unemployment compensation review commission as competent, credible evidence demonstrates that claimant quit his employment without just cause and is not eligible for unemployment compensation."
 I {¶ 7} In its sole assignment of error, ODJFS maintains the trial court erred when it reversed the Review Commission's decision and concluded appellee quit his job for just cause. We agree.
 {¶ 8} An appeal of a decision rendered by the Review Commission is governed by R.C. 4141.282(H), which provides, in pertinent part:
 {¶ 9} "* * * If the court finds that the decision is unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, such court shall affirm the decision of the commission."
 {¶ 10} In Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv.,73 Ohio St.3d 694, 1995-Ohio-206, the Ohio Supreme Court set forth the standard of review for appellate courts with regard to unemployment compensation administrative appeals. According to this decision, an appellate court may reverse a board's decision only if it is unlawful, unreasonable or against the manifest weight of the evidence. Id. at paragraph one of the syllabus.
 {¶ 11} In order to qualify for unemployment compensation benefits, a claimant must satisfy the criteria set forth in R.C. 4141.29(D)(2)(a). That section provides:
 " * * * {¶ 12} "(D) * * * [N]o individual may * * * be paid benefits * * *:
 " * * * {¶ 13} "(2) For the duration of the individual's unemployment if the director finds that:
 {¶ 14} "(a) The individual quit his work without just cause or has been discharged for just cause in connection with the individual's work, * * *."
 {¶ 15} The Ohio Supreme Court has defined "just cause" as that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. Irvine v. Unemp. Comp. Bd. of Review (1985), 19 Oh.St.3d 15, 17; Tzangas at 697. In the case sub judice, the Review Commission determined appellee did not terminate his employment for just cause. Specifically, the hearing officer held:
 {¶ 16} "The weight of the evidence shows that claimant quit his employment with R Tape Corp. when he became tired of the long hours required of him and the fact that he did not receive overtime pay as compensation. However, claimant worked under these conditions for three years before deciding to quit his employment, and did not bring a Fair Labor Standards complaint to the U.S. Department of Labor. The evidence is clear that continuing work was available for claimant, if he had chosen to continue. The unemployment compensation laws do not contemplate the payment of unemployment benefits to an individual who becomes voluntarily unemployed, unless all other available options have been pursued. In light of the evidence presented in this case, the Hearing Officer finds that claimant quit his employment with R Tape Corp. without just cause." Hearing Officer Decision, Mar. 5, 2004, at 3.
 {¶ 17} On appeal to the trial court, the court reversed the decision of the hearing officer. In doing so, the trial court concluded the hearing officer based her decision upon the fact that appellee never filed a complaint under the Fair Labor Standards Act during his employment and therefore, did not quit for just cause. Based upon this conclusion, the trial court held as follows:
 {¶ 18} "FINDS that the undersigned is persuaded by Appellants (sic) legal argument that Appellant had no obligation to file a formal or informal Complaint under the Fair Labor Standards Act during hisemployment. Additionally, Appellees (sic) Brief cites no legal authority requiring the filing of such a Complaint. * * *" (Emphasis sic.) Judgment Entry, Oct. 13, 2004, at 3.
 {¶ 19} Thus, the trial court reversed the hearing officer's decision because it found that the hearing officer wrongfully concluded that appellee was required to file a complaint under the Fair Labor Standards Act ("FLSA") in order to be eligible for unemployment benefits. We disagree with the trial court's conclusion based upon a close reading of the hearing officer's decision. The hearing officer did not state, in her decision, that appellee waived his rights by not filing a complaint under the FLSA. Instead, the hearing officer cited appellee's failure to file a complaint, under the FLSA, as evidence of his acquiescence of his job and salary and his failure to pursue all options prior to quitting his employment with R Tape Corporation.
 {¶ 20} Further, we conclude the Review Commission's decision denying appellee unemployment compensation benefits was not unlawful, unreasonable or against the manifest weight of the evidence. The record supports the conclusion that when appellee accepted the salaried position, he was no longer entitled to overtime pay. In response, appellee maintains that in the salaried position, he had nine daily duties, one of which was to operate a machine, if needed. Appellee claims the operation of a machine remained a significant part of his duties and therefore, his employment status remained that of a manual laborer rather than a salaried employee.
 {¶ 21} Prior to August 23, 2004,[1] 29 C.F.R., § 541.1, § 541.2 and § 541.3 provided that in order to be exempt from overtime pay requirements, an employee must be paid on a salaried rather than an hourly basis, and his or her employment must be of a bona fide administrative, professional or executive nature. In determining whether an employee qualifies for this exemption, one of two tests, contained in the above regulations, had to be met. Counts v. S. Carolina Elec. GasCo. (2003), 317 F.3d 453, 455.
 {¶ 22} In the case sub judice, the "short test" applies because appellee earned a salary of more than $250.00 per week. Under this test, an employer is exempt from the overtime provisions so long as (1) the employee's primary duty consists of the performance of office or non-manual work directly related to management or general business operations; and (2) the employee customarily and regularly exercises discretion and independent judgment. See C.F.R. § 541.214. Id.
 {¶ 23} Appellee's administrative duties included the following: schedule the machines per orders to be shipped; printing labels of machine slitting work order; update schedule; setting ship date; making sure everything is being shipped for that date; making sure of how the schedule is running per original schedule; training program; and inventory control.
 {¶ 24} Appellee's duties also included running a machine, when needed. However, there is no evidence, in the record, as to the amount of time appellee spent running a machine as a salaried employee. Thus, it would appear from the record that appellee's primary duties included office or non-manual work and therefore, appellee was a salaried employee. As a salaried employee, appellee was not entitled to overtime pay[2] and the R Tape Corporation's refusal to pay such does not constitute just cause for appellee's voluntary termination of his employment. A quit because of dissatisfaction with one's duties or wages is a quit without just cause. Fabian v. Admr., Ohio Bur. Employ. Serv.
(Nov. 24, 1987), Jefferson App. No. 875-5, at 2.
 {¶ 25} Appellee cites the case of Scarnati v. Ohio Unemp. Comp. Bd. ofRev. (1983), 86 Ohio App.3d 589, in support of his argument that where an employer requires an employee to work truly excessive hours, the employee has just cause to quit even if the compensation had been lawful. We find the Scarnati case distinguishable from the case sub judice.
 {¶ 26} In Scarnati, a prison psychiatrist quit his job because he believed he was being forced to violate the ethics of his profession by having more patients than he could assist. Id. at 590. The Tenth District Court of Appeals reversed the trial court's decision denying Dr. Scarnati's right to collect unemployment benefits on the basis that he quit for just cause because "* * * the level of psychiatric services provided to inmates in the prisons in Ohio has steadily deteriorated over the last ten to fifteen years. As the number of inmates has increased, the number of psychiatrists available to provide them necessary psychiatric services has not kept pace." Id. at 591. Thus, in Scarnati,
the employee did not complain of long hours or inadequate pay, but instead terminated his employment because he could not provide adequate care for the inmates.
 {¶ 27} Accordingly, we conclude the trial court's decision reversing the decision of the Review Commission is not supported by relevant, competent and credible evidence.
 {¶ 28} ODJFS's First Assignment of Error is sustained.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed.
Wise, J. Farmer, P.J., and Edwards, J., concur.
[1] Effective August 23, 2004, § 541.200(a)(2) defines an exempt administrative employee as one "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer * * * and who exercises discretion and independent judgment."
[2] The FLSA provides that employers are not required to pay overtime to individuals employed in an executive, administrative or professional capacity. 29 U.S.C. § 213(a)(1).
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed. Costs assessed to Appellee Horning.